IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARK HILGER and JANET HILGER** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Case No. 4:12cv214 |
| | § | |
| **BANK OF AMERICA, N.A.** | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' Original Petition Under Rule 12(b)(6) (Dkt. 5). As set forth below, the Court finds that the motion should be GRANTED and that Plaintiffs' claims should be dismissed with prejudice for failure to state a claim.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the record herein, on or about November 23, 1999, Plaintiffs Mark and Janet Hilger executed a Promissory Note ("Note") in the original principle amount of $145,900.00, payable to Lend USA, LLC. *See* Dkt. 4. Concurrent with the execution of the Note, Plaintiffs executed a Deed of Trust, granting a lien on the property at 4024 Mattise Drive, Flower Mound, Texas 75022 (the "Property"). *Id.* According to Plaintiffs, Defendant purports to have acquired an interest in the Deed of Trust on or about April 17, 2009, but, Plaintiffs claim, the assignment makes

1

no reference to the consideration paid or any transfer of interest in the Note. Allegedly, during the course of servicing the loan, Defendant appointed various Substitute Trustees, pursuant to Texas Property Code § 51.0075.

After, as Defendant alleges, Plaintiffs defaulted on their obligations under the Note and Deed of Trust, Defendant sold the Property at a foreclosure sale on January 3, 2012.

On March 20, 2012, Plaintiffs filed the instant lawsuit in the 367th Judicial District in Denton County, Texas. *See* Dkt. 4. Defendants removed the case to this Court on April 12, 2012. *See* Dkt. 1. Plaintiffs' state court petition alleges wrongful foreclosure, and Plaintiffs also seek a declaratory judgment, exemplary and actual damages, and equitable relief. *See* Dkt. 4.

Defendant has filed a motion to dismiss, seeking to dismiss Plaintiffs' claims. Defendant makes the following arguments: (1) the appointment of the substitute trustee was proper as a matter of law; (2) Plaintiffs' "split the note" theory is unsupported as a matter of law; (3) Plaintiffs have failed to plead any elements of a wrongful foreclosure cause of action; and (4) Plaintiffs are not entitled to requested declarations or relief because they have failed to demonstrate an actual controversy. *See* Dkt. 5.

Plaintiffs have filed a response in opposition.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint

and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

ANALYSIS

The Court has reviewed Defendant's dismissal arguments and finds that they are well-founded and supported by applicable authority. To make a claim for wrongful foreclosure under Texas law, a plaintiff must show (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.). *See also* TEX. PROP. CODE ANN. § 51.002 (statutory requirements for foreclosure sales). To recover for a wrongful foreclosure, the party seeking relief must prove an injury. *See, e.g., Port City State Bank v. Leyco Const. Co., Inc.,* 561 S.W.2d 546, 547 (Tex. Civ. App.–Beaumont 1978, no writ); *Bittinger v. Wells Fargo Bank NA*, 2010 WL 3984626, 3 (S.D. Tex. 2010).

Here, Plaintiffs base their claim of defects in the foreclosure sale proceedings – the first element of their wrongful foreclosure action – on several flawed theories. As set forth below, none are sufficient to state a claim for relief.

First, Plaintiffs challenge the sale proceedings, arguing that Defendant misrepresented its intent to grant them a loan modification. Not only have Plaintiffs' pleadings failed to state sufficient facts as to any alleged modifications, representations about future actions as to the modification of loans are not cognizable under Texas law. *Thomas v. EMC Mortg. Corp.*, 2012 WL 5984943, 3 (5th Cir. 2012) ("representations regarding future loan modifications and foreclosure constitute promises of future action rather than representations of existing fact" and will not support a claim for negligent misrepresentation); *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 205,

4

2012 WL 1758597, 3 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App. – Amarillo 2007, no pet.)) ("under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort."); *Milton v. U.S. Bank Nat. Ass'n*, 2013 WL 264561, 2 (5th Cir. 2013) (plaintiff did not state viable negligent misrepresentation claim based on promise that mortgage servicer would not foreclose during loan modification because it was promise of future conduct). Moreover, to be enforceable – and therefore affect any foreclosure proceedings – any loan modifications are subject to the statute of frauds and must have been in writing. *See* TEX. BUS. & COM. CODE §§ 26.02 (a)(2) and (b) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Gordon v. JPMorgan Chase Bank, N.A.*, 2013 WL 49587, 3 (5th Cir. 2013) (original mortgage documents and forbearance agreement are governed by the statute of frauds and cannot be modified by subsequent oral agreement to modify the loan). No written modification is alleged here. Therefore, Defendant's alleged representations regarding loan modifications cannot form the basis of any claims here.

The Court further agrees that Plaintiffs have failed to state any viable claim of defect in the foreclosure proceedings based on the various appointment of substitute trustees recorded as to the Property. Plaintiffs have not stated any facts that would show how the appointments were not made in compliance with Texas Property Code § 51.0075. *See* TEX. PROP. CODE. § 51.0075 ("(c) Notwithstanding any agreement to the contrary, a mortgagee may appoint or may authorize a mortgage servicer to appoint a substitute trustee or substitute trustees to succeed to all title, powers, and duties of the original trustee. A mortgagee or mortgage servicer may make an appointment or

authorization under this subsection by power of attorney, corporate resolution, or other written instrument. (d) A mortgage servicer may authorize an attorney to appoint a substitute trustee or substitute trustees on behalf of a mortgagee under Subsection (c)."). Moreover, no facts are stated that would show how the December 2010 Appointment of Substitute Trustee, attached to Plaintiffs' Original Petition, did not effectively remove Alan Polunsky and all successors thereto as the Trustees of the Property. *See* Dkt. 1-3 at 77.

As to Plaintiffs' claim that the Deed of Trust lacks any force or effect as a result of "bifurcation," the Court also agrees with Defendant that Plaintiffs' "split the note theory" has been uniformly rejected in this District and other Texas Courts and, without any factual distinction by Plaintiffs as to those cases, the Court will not replow well-harvested ground. *See Dubrock v. GMAC Mortgage, LLC*, 2012 WL 629397, at *1 (E.D. Tex. 2012)*; Cannon v. JP Morgan Chase Bank, N.A.*, 2011 WL 6838615, at *5 (E.D. Tex. 2011); *McAllister v. BAC Home Loans Servicing, LP*, 2011 WL 2200672, at *6 (E.D. Tex. 2011), *adopted by* 2011 WL 2183844 (E.D. Tex. 2011) (dismissing claim based on "split the note" theory); *Salmeron v. CitiMortgage, Inc.*, 2012 WL 760110, at *3 (N.D. Tex. 2012) ("Since all of Plaintiffs' claims are premised on the "split the note" theory, they all fail."); *Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at * 4 (S.D. Tex. 2012) ("Plaintiff's 'split the note' theory is also unavailing."); *Defrancheschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011). Because, based on the facts before the Court, the Note and Deed of Trust were both executed on November 23, 1999 in order to secure a loan for purchase of the Property, they are construed together and will not be split. *Eskridge v. Federal Home Loan*

*Mortg. Corp.*, 2011 WL 2163989, 5 (W.D. Tex. 2011) (citing *CA Partners v. Spears,* 274 S.W.3d 51, 66 n. 9 (Tex. App. – Houston [14th Dist.] 2008) (citing *Jones v. Kelley,* 614 S.W.2d 95, 98 (Tex.1982)).

Courts in this Circuit have also routinely rejected borrowers' challenges to the assignment of notes or deeds of trust. *See Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011); *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. 2011).

Of particular significance to the Court is the Fifth Circuit's recent opinion in *Kiggundu v. Mortgage Electronic Registration Systems Inc.*, 469 Fed. Appx. 330 (5th Cir. 2012). In *Kiggundu*, the Fifth Circuit affirmed the grant of summary judgment for a defendant bank whose authority to foreclose was challenged. As explained by the Fifth Circuit:

> Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it. *See* TEX. BUS. & COM. CODE §§ 1.201(b)(21), 3.204, 3.205. Moreover, under Texas law, the mortgage follows the note. *Lawson v. Gibbs*, 591 S.W.2d 292, 294 (Tex. App. 1979); *see United States v. Vahlco Corp.*, 720 F.2d 885, 891 (5th Cir. 1983). Thus, the Bank of New York was authorized to foreclose on the property when Kiggundu defaulted. Though Kiggundu attacks the validity of the assignment of the mortgage document—the deed of trust—to the Bank of New York, this argument is beside the point. It was sufficient for the

> Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it. *See Gilbreath v. White*, 903 S.W.2d 851, 854 (Tex. App. 1995).

*Id*. at 331-332. Here, there are insufficient facts alleged that would show that Defendant was not properly in possession of the Note.

For these reasons, the Court finds that Plaintiffs have failed to adequately state facts that would support the first element of their wrongful foreclosure claim. Moreover, although Plaintiffs allege a grossly inadequate sales price, they have failed to allege how any of Defendants' actions caused the sales price of $180,000.00 beyond mere "labels and conclusions," *Twombly*, 550 U.S. at 555, nor have Plaintiffs alleged their damages with any specificity, other than to request actual and exemplary damages. Defendant's motion to dismiss Plaintiffs' wrongful foreclosure claim should be GRANTED and that claim should be dismissed.

Finally, because Plaintiffs have failed to state any facts entitling them to any relief, they are not entitled to declaratory or injunctive relief. *See California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."); *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (to assert a request for injunctive relief, Plaintiff is required to show "a substantial likelihood of success on the merits."). This matter should be dismissed in its entirety.

## RECOMMENDATION

Therefore, Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' Original Petition Under Rule 12(b)(6) (Dkt. 5) should be GRANTED and Plaintiffs' claims should be dismissed with prejudice for failure to state a claim.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE